UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY A. JORDAN,

    Plaintiff,

v.                                        Case No. 8:14-cv-958-T-33TGW

DEFENSE FINANCE AND ACCOUNTING
SERVICES, ET AL.,

    Defendants.
_____/

### **ORDER**

This matter comes before the Court pursuant to *pro se* Plaintiff Tony Jordan's Motion for Judgment on the Pleadings in Response to Defendants' Motion to Dismiss (Doc. # 35), filed on August 7, 2014. For the reasons that follow, the Court denies Plaintiff's Motion without prejudice.

### **Discussion**

On April 23, 2014, Plaintiff initiated this action against Defendants Defense Finance and Accounting Services; Teresa McKay; David McDermott; Audrey Eckhart; Dawn Coulter; Sheila Melton; and John St. Myers alleging:

    (1) Violation of Administrative Procedure Act – Prior Offset of Salary and Other Payments;
    (2) Violation of Administrative Procedure Act – Failure to Provide Copies of Documents and Permit Hearing on Debt;

>   (3) Violation of Administrative Procedure Act – Arbitrary and Capricious Determination of Defense Finance and Accounting Services' Reviewing Official;
>   (4) Violation of Procedural Due Process Under Fifth Amendment;
>   (5) Violation of Substantive Due Process Under Fifth Amendment; and
>   (6) Unconstitutional Taking Under Fifth Amendment.

(Doc. # 1). Thereafter, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which remains pending. (Doc. # 17). On August 7, 2014, Plaintiff filed the present Motion for Judgment on the Pleadings. (See Doc. # 35).

Without passing on the merits of Plaintiff's Motion for Judgment on the Pleadings, the Court denies the Motion without prejudice as prematurely asserted. A Rule 12(c), Fed. R. Civ. P., motion for judgment on the pleadings may be granted "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Estate of Jackson ex rel. Jackson-Platts v. Sandnes, No. 8:13-cv-1133-T-33MAP, 2014 WL 408489, at *1 (M.D. Fla. Feb. 3, 2014)(quoting Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) (citations omitted)).

The Court should not decide a motion for judgment on the pleadings until the pleadings are "closed." As stated in <u>Gelsomino v. Horizon Unlimited, Inc.</u>, No. 07-80697, 2008 U.S. Dist. LEXIS 68907, at *6 n. 3 (S.D. Fla. Sept. 9, 2008), "[p]leadings are considered 'closed' when all defendants have filed answers to the complaint." <u>See</u> <u>also</u> <u>Zurich Ins. Co. v. London Mkt. Insurers</u>, No. 97 C 1802, 1997 U.S. Dist. LEXIS 14858, at *5-6 (N.D. Ill. Sept. 16, 1997) ("In this action, the pleadings have not yet closed. Two defendants . . . have pending motions to dismiss and so have not answered yet. Because they have not yet answered it is clear from the record that pleadings have not yet closed. . . . Therefore, the motion for judgment on the pleadings will be denied because it is premature.").

In this case, Defendants' Motion to Dismiss remains pending. At this juncture, it is inappropriate for this Court to render a decision on Plaintiff's Motion for Judgment on the Pleadings. Therefore, the Court denies the Motion without prejudice as prematurely asserted.

To the extent Plaintiff intended the Motion to act as his response to Defendants' Motion to Dismiss, this Court declines to construe it as such given its present ruling. If

Plaintiff wishes to file a response to Defendants' Motion to Dismiss, he has until August 11, 2014, to do so.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff Tony Jordan's Motion for Judgment on the Pleadings in Response to Defendants' Motion to Dismiss (Doc. # 35) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of August, 2014.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record